UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

James Kevin Mack, Sr.,

        Plaintiff

v.

Jeremy Bean, et al.,

        Defendants

Case No. 2:24-cv-01549-CDS-BNW

**Screening Order**

        Plaintiff James Kevin Mack, Sr., who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-2, 5. The matter of the filing fee will be temporarily deferred.[1] I now screen Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.      Screening standard

        Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] The application to proceed *in forma pauperis* is complete when looking at ECF Nos. 1-1, 5.

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

2

to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Screening of complaint

In the complaint, Mack sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). ECF No. 1-2 at 1. Mack sues defendants Warden Jeremy Bean, NDOC Director James E. Dzurenda, Associate Warden Glenn P. Fowler, food server manager Anthony Quillmann, and culinary Sgt. Thompson. *Id.* at 2. Mack brings three claims and seeks monetary and declaratory relief. *Id.* at 5–6.

Mack alleges the following. Although Mack is subject to a "medical diet," the culinary staff deprives him of that diet. *Id.* at 2. Since November 23, 2023, Mack has complained about this issue, but his complaints have not been answered. *Id.* at 3. Quillmann and Sgt. Thompson have ignored Mack. *Id.*

In November 2023, the culinary unit served Mack multi broth and chopped up salty lunch meats for his lunches and dinners. *Id.* These items contain a lot of sodium. *Id.* Instead of serving Mack peanut butter and jelly for lunch, the culinary staff served him lunch meat. *Id.* Mack's meals never meet the specific requirements related to his clinical condition. *Id.*

On November 14, 2023, culinary staff refused to get Mack his medical diet tray and instead forced him to eat off the "main line chow." *Id.* at 4. On November 6, 2023, his breakfast tray was trampled, his sack lunch bread was smashed, and he was served peanut butter with no jelly. *Id.* This was retaliation from the culinary staff or inmates who made the medical diet trays. *Id.*

3

On November 20, 21, and 25, 2023, culinary staff served him chopped up lunch meats for dinner. *Id*. On another day, Butcher gave Mack cheese for his lunch. *Id*. From November 25 to December 3 or 5, 2023, the culinary staff served Mack broth in retaliation for his grievances. *Id*. There were no snacks in his lunches either. *Id*. Mack kited Fowler, Sgt. Thompson, and Quillmann but received no reply. *Id*.

On January 10, 2024, and April 2, 2024, Mack filed emergency grievances because culinary staff sent him broth, which contained a lot of sodium, causing his blood pressure to go "high." *Id.* at 5. Mack's digestive system could not handle it. *Id*.

On June 22, 2024, prison officials rushed Mack to the local hospital for heart failure due to a virus in his digestive system from uncooked foods. *Id*.

Mack brings three claims for Fifth, Eighth, and Fourteenth Amendment violations for deliberate indifference and cruel and unusual punishment for basic necessities. *Id.* at 3–5. I interpret the allegations as raising claims for First Amendment retaliation, Eighth Amendment deliberate indifference to serious medical needs, and Eighth Amendment conditions of confinement violations. I dismiss the Fifth and Fourteenth Amendment claims without prejudice because there are no allegations in the complaint that present any colorable claims under those amendments.

### A. Retaliation

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*.

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

4

goal." *Id.* at 567–68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568–69. A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

I find that Mack fails to state a colorable retaliation claim. I dismiss his claim without prejudice with leave to amend. Although Mack alleges that he engaged in protected conduct by filing grievances about his medical diet issues, he has not sufficiently alleged that specific prison officials engaged in adverse actions because of his protected conduct. For instance, Mack states that he filed grievances with Fowler, Sgt. Thompson, and Quillman and then conclusively states that on specific days he did not receive his prescribed medical diet by unspecified culinary staff or inmates. These allegations are insufficient to demonstrate that those three defendants somehow caused Mack to not receive his medical diet on certain dates because of his grievances. Even when Mack identifies specific prison officials who gave him his non-medical-diet meals, Mack does not provide any allegations to demonstrate that those individuals did not give him his medical diet because of his grievances.

### B. Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

I find that Mack fails to state a colorable claim for deliberate indifference to serious medical needs but grant him leave to amend. Although Mack states that he is on a medical diet, he has not explained what type of medical diet he is on and what type of food he should be receiving. Mack also has not explained his serious medical need and why the medical diet is necessary. I recognize that Mack appears to have high blood pressure issues and may need a low sodium diet but Mack, himself, has not explained his situation, such as his diagnosis, the sort of diet he is supposed to received, etc. Additionally, I recognize that Mack had to go to the hospital. However, it is unclear to me whether Mack went to the hospital because of his medical diet issues or because he caught a virus that made him ill. Accordingly, I dismiss this claim without prejudice with leave to amend.

### C. Conditions of Confinement

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners

6

are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). "[T]he deprivation alleged must be, objectively, sufficiently serious" and "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotations and citations omitted).

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Id.* When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

"Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). But the Eighth Amendment "'requires only that prisoners receive food that is adequate to maintain health.'" *Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009) (quoting *LeMarie v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)). So "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMarie*, 12 F.3d at 1456 (internal quotation omitted). However, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster*, 554 F.3d at 814, 815 n.5 (holding that depriving an inmate of 16 meals over 23 days was a sufficiently serious deprivation for the Eighth Amendment's purposes).

To the extent that Mack may be trying to raise a conditions-of-confinement claim based on inadequate food, I dismiss the claim without prejudice but grant leave to amend. If Mack is trying to raise such a claim, he needs to provide more details about the inadequacy of the food, any health effects, and the time period of the alleged deprivation.

7

### III.    Leave to Amend

Mack is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Mack chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard G. Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Mack's amended complaint must contain all claims, defendants, and factual allegations that Mack wishes to pursue in this lawsuit. Moreover, Mack should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Mack chooses to file an amended complaint curing the deficiencies, as outlined in this order, Mack must file the amended complaint by April 18, 2025. If Mack chooses not to file an amended complaint curing the stated deficiencies, I will dismiss this action without prejudice for failure to state a claim.

### IV.    Conclusion

I therefore order that a decision on the application to proceed *in forma pauperis* (ECF Nos. 1-1, 5) is deferred.

I order that the complaint (ECF No. 1-2) is dismissed in its entirety without prejudice with leave to amend, as specified in the order.

I order that, if Mack chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Mack must file the amended complaint by April 18, 2025.

The Clerk of the Court is directed to (1) file the complaint (ECF No. 1-2); and (2) send Mack a copy of his original complaint (ECF No. 1-2) and the approved form for filing a § 1983 complaint with instructions.

I order that, if Mack chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption. If Mack fails to file an amended complaint curing the deficiencies outlined in this order, I will dismiss this action without prejudice for failure to state a claim.

Dated: March 17, 2025

_____
Cristina D. Silva
United States District Judge