**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| James Kevin Mack, | Case No. 2:24-cv-01549-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Jeremy Bean, et al., | |
| Defendants. | |

Plaintiff filed a motion for appointment of counsel. ECF No. 44. Defendants did not respond to this motion.

### I.    Legal Standard

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### A. Likelihood of success on the merits

At least at this early stage, Plaintiff has some likelihood of success on the merits as his Eighth Amendment claims for deliberate indifference to his serious medical needs and conditions of confinement have survived screening. ECF No. 13.

### B. Plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved."

The Ninth Circuit has opined that a claim may be legally complex if it is likely to require medical expert testimony. *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) (stating that appointed counsel may be warranted where the case will require testimony from expert witnesses); *See Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (finding a prisoner with medical issues could not articulate his claims, which were made complex by the need for medical expert testimony to explain causation and competing treatment options); *Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018) (finding appointment of counsel is generally appropriate in cases where an incarcerated plaintiff is expected to find a medical expert). Here, expert medical testimony will most likely be needed to establish causation as it relates to his deliberate indifference claim.

Moreover, the record contains several examples indicating that Plaintiff may not be able to articulate his claims. First, he has attempted to amend his complaint more than once—but has not done so properly. ECF Nos. 40, 42, and 47. He has also responded to non-existent motions for summary judgment. ECF No. 38. And lastly, filed motions before *this* Court when he intended to file them before the Ninth Circuit and appealed an order which was neither final nor immediately appealable to the Ninth Circuit. ECF Nos. 24 and 25.

In sum, considering the above, this Court has serious concerns regarding Plaintiff's ability to articulate his claim vis a vis the complexity of some of his claims. This Court will refer this case to the court's Pro Bono Pilot Program to attempt to find an attorney to accept Plaintiff's case. Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* If counsel is

found for Plaintiff, the court will issue an order appointing counsel and counsel will contact Plaintiff. Plaintiff is reminded that until counsel is provided, he is still responsible for complying with all deadlines in his case.

**II.    Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 44) is GRANTED.

**IT IS FURTHER ORDERED** that this case is referred to the Pilot Pro Bono Program adopted in General Order 2017-07 for the purpose of identifying an attorney willing to be appointed as a pro bono attorney for Plaintiff. Plaintiff is reminded that he must comply with all deadlines currently set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order appointing counsel will be issued by the court and Plaintiff will be contacted by counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono Liaison.

DATED: April 16, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE